UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PDV HOLDING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff, PDV Holding, Inc. ("PDV") brings this suit for a refund of erroneously assessed and collected federal income taxes against the defendant, the United States of America, and hereby alleges as follows:

## NATURE OF THE ACTION

1. PDV brings this action for the recovery of federal income taxes and interest erroneously assessed and collected by the Internal Revenue Service ("IRS"). In 2004, Congress created a tax credit (the "alcohol fuel mixture credit") designed to encourage the production of environmentally-friendly alcohol fuel mixtures. Blenders could use the alcohol fuel mixture credit as a substitute for, or a reduction of, the periodic cash deposits required to satisfy their liability for certain motor fuel excise taxes, as a credit against their liability for income tax, or could claim a refund. PDV qualified for the alcohol fuel mixture credit and used it to reduce the periodic cash deposits required to satisfy its federal excise tax liabilities for the tax years 2005, 2006, 2007, 2008, 2009, 2010, and 2011 (the "years at issue"). On its originally filed corporate federal consolidated income tax returns, PDV incorrectly reduced its cost of goods sold by the alcohol fuel mixture credit it received, thereby paying the IRS more in federal income taxes than it actually owed. PDV discovered this oversight and recalculated its federal income tax

NAI-1514759412v1

liabilities and timely filed claims for refund to recover the overpayments of tax. The IRS disallowed PDV's claims for refund and refused to refund the overpaid tax. PDV is therefore filing this suit for a refund of the overpayments, plus statutory interest.

2. A similar tax dispute concerning the proper application of 26 U.S.C. §§ 6426 and 4081 is currently being litigated in the Houston Division of this district. *See SOPC Holdings West LLC, the Tax Matters Partner of Equilon Enterprises LLC v. United States*, Civil Action No. 4:18-cv-00374, U.S. District Court Southern District of Texas, Houston Division (Ellison, J.). Similar tax disputes are pending in other federal courts: (i) *GROWMARK, Inc. v. Commissioner*, U.S. Tax Court No. 023797-14; (ii) *Exxon Mobil Corp. v. United States*, Civil Action No. 3:16-cv-2921, U.S. District Court Northern District of Texas, Dallas Division; (iii) *ETC Sunoco Holdings LLC (formerly known as Sunoco, Inc.) v. United States*, Civil Action No. 3:20-cv-02981-C, U.S. District Court Northern District of Texas, Dallas Division; and (iv) *Delek US Holdings, Inc. v. United States*, Civil Action No. 3:19-cv-00332, U.S. District Court Middle District of Tennessee, Nashville Division. The U.S. Court of Appeals for the Federal Circuit addressed a similar tax dispute in *Sunoco, Inc. v. United States*, 908 F.3d 710 (Fed. Cir. 2018), *aff'g* 129 Fed. Cl. 322 (2016). A petition for certiorari in *Sunoco* was denied in 2019. 140 S.Ct. 46. The U.S. District Court in *Exxon Mobil* issued an Order on August 8, 2018, agreeing with the U.S. Court of Federal Claims' reasoning in its 2016 opinion in *Sunoco*; however, the U.S. Court of Appeals for the Federal Circuit subsequently affirmed the U.S. Court of Federal Claims on other grounds.

## PARTIES

3. PDV is a Delaware corporation that is headquartered and has its principal place of business at 1293 Eldridge Parkway, Houston, Texas 77077-1670.

4. Defendant is the United States of America. Service of process may be made on Defendant by certified mail, return receipt requested, to the following:

    a. William Barr
       Attorney General for the United States
       U.S. Department of Justice
       950 Pennsylvania Ave., N.W.
       Washington, DC  20530-0001

    b. Civil Process Clerk
       United States Attorney's Office
       1000 Louisiana Street, Suite 2300
       Houston, TX  77002
       USATXS.CivilNotice@usdoj.gov

    c. Charles P. Rettig
       Commissioner
       Internal Revenue Service
       1111 Constitution Avenue, NW
       Washington, DC  20224

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this dispute under 28 U.S.C. § 1346(a)(1) because this is an action against the United States for the recovery of internal revenue taxes erroneously assessed and collected from PDV.

6. PDV timely filed consolidated federal corporate income tax returns for the years at issue.

7. On December 30, 2013, PDV timely filed Form 1120X, Amended U.S. Corporation Income Tax Return, for 2005 decreasing its taxable income and claiming a refund of federal income tax of $36,226,688 plus statutory interest.

8. On December 30, 2013, PDV timely filed Form 1120X for 2006 decreasing its taxable income and claiming a refund of federal income tax of $51,417,177 plus statutory

interest.  PDV is entitled to an additional decrease in its taxable income and an increase in its refund for a net operating loss carryback from 2009, as described in paragraph 11, below.

9. On December 30, 2013, PDV timely filed Form 1120X for 2007 decreasing its taxable income and claiming a refund of federal income tax of $41,197,773 plus statutory interest.

10. On January 31, 2014, PDV timely filed Form 1120X for 2008 decreasing its taxable income and claiming a refund of federal income tax of $115,491,634 plus statutory interest.

11. On January 31, 2014, PDV timely filed Form 1120X for 2009 reducing its taxable income and increasing its net operating loss carryback by $170,170,668.  The carryback goes to PDV's taxable year 2006.

12. On January 31, 2014, PDV timely filed Form 1120X for 2010 reducing its taxable income and increasing its net operating loss carryback by $190,775,455.  The carryback goes to PDV's taxable year 2008.

13. On January 31, 2014, PDV timely filed Form 1120X for 2011 decreasing its taxable income and claiming a refund of federal income tax of $36,286,077 plus statutory interest.

14. PDV's Forms 1120X were reviewed by the IRS, and in the course of the review, PDV increased its claim for 2005 to $36,350,564, reduced its claim for 2006 to $51,325,341, and reduced its claim for 2007 to $39,348,117.

15. None of PDV's Form 1120X claims for refund have been allowed or paid by the IRS for any of the years at issue.  The IRS disallowed such claims for refund by notice of disallowance dated October 24, 2017.

16. PDV and the IRS executed Form 907, Agreement to Extend the Time to Bring Suit, agreeing that PDV could bring suit to recover the taxes described in paragraphs 7-13, adjusted as described in paragraph 14, above, on or before October 31, 2020. The Form 907 was executed by PDV on September 3, 2019, and by the IRS on September 16, 2019.

17. The Court therefore has jurisdiction because PDV: (i) made full payment of the taxes assessed, as required by 28 U.S.C. § 1346(a)(1) and *Flora v. United States*, 362 U.S. 145 (1960); (ii) timely filed its Form 1120X claims for refund, as required by 26 U.S.C. § 6511(a) and 26 U.S.C. § 7422(a); and (iii) filed this complaint within the time period prescribed in 26 U.S.C. § 6532(a) as extended by the parties.

18. Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. § 1402 because PDV's principal place of business is located in this district.

## BACKGROUND

19. PDV is the common parent of an affiliated group of corporations as defined in 26 U.S.C. § 1504, for which PDV files a consolidated federal income tax return. Thus, for federal income tax purposes, PDV takes into account the income, gains, deductions, losses, and credits of the members of its consolidated group on its consolidated return.

20. CITGO Petroleum Corporation ("CITGO"), a Delaware corporation, is a subsidiary of PDV and is included in PDV's consolidated federal income tax return. CITGO owns and operates crude oil refineries in the United States and is a refiner, position holder and terminal operator as defined in 26 C.F.R. § 48.4081-1(b).

21. As part of its manufacturing and refining processes, CITGO produces an E10 blend (a blend of ethanol and gasoline) which it sells at the refinery/terminal rack. This activity qualified CITGO for the alcohol mixture credit for the years at issue.

22.     26 U.S.C. § 4081 imposes a per-gallon federal excise tax on taxable fuel (the "Section 4081 excise tax"). During the years at issue, the tax (including a $0.001 per gallon tax for the Leaking Underground Storage Tank Trust) was $.184 per gallon of gasoline, $0.194 per gallon of aviation gasoline, and $0.244 per gallon of diesel fuel and kerosene. Pursuant to 26 U.S.C. § 9503(b)(1)(D), the Section 4081 excise tax is paid into the Highway Trust Fund, a special Government fund separate from the United States Treasury's General Fund that is dedicated to the construction and maintenance of the Nation's interstate highway system, mass transit, and other surface transportation projects. The Section 4081 excise tax is imposed immediately upon a taxable event (such as the sale of taxable fuel or removal of taxable fuel from a refinery or terminal). Taxpayers who incur federal excise taxes must file Form 720, Quarterly Federal Excise Tax Return, and pay any excise tax not yet paid or otherwise satisfied.

23.     26 U.S.C. § 6426(b), as in effect for the years at issue, allowed taxpayers to earn an alcohol fuel mixture credit by producing alcohol fuel mixtures. The rate of the credit for the taxable years 2005 through 2008 was $0.51 per gallon of alcohol used in the mixtures, and for the taxable years 2009 through 2011 was $0.45 per gallon. The credit was repealed effective for periods after December 31, 2011.

24.     Producers that earned alcohol fuel credits could use them in three ways. Pursuant to 26 U.S.C. § 6426(a), they could take them as credits against the tax imposed for certain motor fuel excise taxes imposed under 26 U.S.C. § 4081. Pursuant to 26 U.S.C. § 34(a)(3), they could take them as credits against their federal income tax liability. Pursuant to 26 U.S.C. § 6427(e), they could claim a refund for any credits not taken against their excise tax or income tax liability.

25.     For the years at issue, CITGO incurred federal excise tax liability with respect to its sales of its alcohol fuel mixtures and other taxable fuels. CITGO claimed an alcohol fuel

mixture credit against its liability for motor fuel excise tax as permitted by 26 U.S.C. § 6426(b) by reducing the amounts of the periodic cash deposits that were required to be made. CITGO reported both its federal excise tax liability and its alcohol fuel mixture credit on Form 720.

26. Purchasers of the alcohol fuel mixtures paid CITGO the full amount of the federal excise tax on each gallon of mixture. When a purchaser used the fuel in an exempt manner, the purchaser upon application with the IRS received a refund of the full amount of the federal excise tax on each gallon of mixture unreduced by the alcohol fuel mixture credit provided to CITGO by the IRS.

27. CITGO: (i) incurred federal excise tax liabilities; (iii) was eligible for, and claimed, the alcohol fuel mixture credit under 26 U.S.C. §§ 6426(a) and (b); and (iii) claimed refunds for the years at issue, in the following amounts (rounded to the nearest million):

| Taxable Year | Total Federal Excise Tax | Alcohol Fuel Mixture Credit | Federal Income Tax Refund Claim |
|---|---|---|---|
| 2005 | $2,242,000,000 | $104,000,000 | $36,000,000 |
| 2006 | $2,162,000,000 | $147,000,000 | $51,000,000 |
| 2007 | $1,516,000,000 | $118,000,000 | $39,000,000 |
| 2008 | $1,293,000,000 | $148,000,000 | $115,000,000 |
| 2009 | $1,184,000,000 | $170,000,000 | * |
| 2010 | $1,079,000,000 | $191,000,000 | ** |
| 2011 | $1,035,000,000 | $193,000,000 | $36,000,000 |

\*   Additional net operating loss carryback for 2006 refund claim.
\*\*  Additional net operating loss carryback for 2008 refund claim.

28. The amount of PDV's total income tax refund claim is less than 3 percent of the approximately $10.5 billion in federal excise tax liability for the years at issue.

29. For federal income tax purposes, taxable income is gross income less allowable deductions. 26 U.S.C. § 63(a). Gross income includes proceeds from the sale of products less the direct costs attributable to the production of those products, known as "cost of goods sold."

26 U.S.C. § 61(a)(3); 26 C.F.R. § 1.61-3(a).  In the case of a seller of petroleum products, the Section 4081 excise tax forms a component of the taxpayer's cost of goods sold.

30. On its originally-filed consolidated federal corporate income tax returns for the years at issue, PDV reduced cost of goods sold by the amount of the alcohol fuel mixture credit PDV earned in each year, which caused a corresponding overstatement of gross income.  In its claims for refund on Forms 1120X, PDV reversed this reduction in cost of goods sold in the amounts for alcohol fuel mixture credits listed in paragraph 27, above, resulting in a decrease in gross income for each year and either an overpayment of tax or an increase in net operating loss deduction for each year.

31. For 2005, the reversal of the reduction in cost of goods sold resulted in a reduction in PDV's total tax liability of $36,350,564 (as adjusted after review by the IRS).

32. For 2006, the reversal of the reduction in cost of goods sold resulted in a reduction in PDV's total tax liability of $51,325,341 (as adjusted after review by the IRS).  As noted above, the net operating loss carryback from 2009 further reduces PDV's total tax liability.

33. For 2007, the reversal of the reduction in cost of goods sold resulted in a reduction in PDV's total tax liability of $39,348,117 (as adjusted after review by the IRS).

34. For 2008, the reversal of the reduction in cost of goods sold and the additional net operating loss carryback from reductions in cost of goods sold in subsequent years resulted in a reduction in PDV's total tax liability of $115,491,634.

35. For 2009, the reversal of the reduction in cost of goods sold did not result in any change in tax, but increased the amount of net operating loss carryback by $170,170,668.

36. For 2010, the reversal of the reduction in cost of goods sold did not result in any change in tax, but increased the amount of net operating loss carryback by $190,775,455.

37. For 2011, the reversal of the reduction in cost of goods sold resulted in a reduction in PDV's total tax liability of $36,286,077.

## CLAIMS FOR RELIEF

38. PDV incorporates by reference the allegations contained in the above paragraphs.

39. The IRS erroneously disallowed PDV's claims for a refund of income tax paid and increased net operating losses for the years at issue.

40. PDV seeks recovery for the overpayments of federal income taxes for the years at issue that were erroneously assessed and collected by the IRS, including any carrybacks that may be applied to the years at issue.

## RELIEF REQUESTED

**WHEREFORE**, plaintiff, PDV, respectfully requests that the Court enter judgment against the United States:

a. Awarding PDV the overpayments of taxes for the years at issue in the amounts set forth in paragraphs 7-13 of this complaint, as adjusted, or such other amount as is legally refundable,

plus statutory interest as provided by law; and

    b.  Awarding PDV all other relief to which it is entitled.


Dated:  October 22, 2020　　　　　　　　　JONES DAY

                                                */s/ James A. Reeder, Jr.*
                                               James A. Reeder, Jr.
Attorney-in-Charge
SDTX Ad ID No. 012381
TX Bar No. 16695010
Email:  jareeder@jonesday.com
Elizabeth Scofield
SDTX Ad ID No. 2227083
TX Bar No. 24079555
Email:  escofield@jonesday.com
717 Texas, Suite 3300
Houston, TX 77002
Telephone:  832-239-3939
Facsimile:  832-239-3600

*Counsel for Plaintiff PDV Holding, Inc.*