IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PDV HOLDING, INC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | Case No. | 4:20-CV-3621 |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| § | | |
| Defendant. § | | |
| § | | |
| § | | |

## UNITED STATES' ANSWER

The United States of America responds to the Plaintiff's Complaint as follows:

### NON-ENUMERATED PARAGRAPH

Defendant, the United States of America, in answer to PDV Holding, Inc.'s ("PDV") Complaint [D.E. 1], asserts that the introductory paragraph of the Complaint sets forth plaintiff's characterization of the action and requires no response. The United States denies all allegations that are not expressly admitted below.

### ENUMERATED PARAGRAPHS

The United States answers the enumerated allegations in Plaintiff's complaint as follows:

**Complaint ¶ 1.** PDV brings this action for the recovery of federal income taxes and interest erroneously assessed and collected by the Internal Revenue Service ("IRS"). In 2004, Congress created a tax credit (the "alcohol fuel mixture credit") designed to encourage the production of environmentally-friendly alcohol fuel mixtures. Blenders could use the alcohol fuel mixture credit as a substitute for, or a reduction of, the periodic cash deposits required to satisfy their liability for certain motor fuel excise taxes, as a credit against their liability for income tax, or could claim a refund. PDV qualified for the alcohol fuel mixture credit and used it

to reduce the periodic cash deposits required to satisfy its federal excise tax liabilities for the tax years 2005, 2006, 2007, 2008, 2009, 2010, and 2011 (the "years at issue"). On its originally filed corporate federal consolidated income tax returns, PDV incorrectly reduced its cost of goods sold by the alcohol fuel mixture credit it received, thereby paying the IRS more in federal income taxes than it actually owed. PDV discovered this oversight and recalculated its federal income tax liabilities and timely filed claims for refund to recover the overpayments of tax. The IRS disallowed PDV's claims for refund and refused to refund the overpaid tax. PDV is therefore filing this suit for a refund of the overpayments, plus statutory interest.

**RESPONSE**: Denies that any tax or interest was erroneously assessed or collected. Lacks knowledge or information sufficient to form a belief as to the truth of whether PDV, on its originally filed corporate federal consolidated income tax returns, reduced its cost of goods sold by the Mixture Credits it claimed for the years at issue. More specifically, lacks knowledge or information sufficient to form a belief as to whether PDV, on its originally filed corporate federal consolidated income tax returns, reported the full amount of a payment received from a customer as gross receipts and included excise tax expense in the calculation of cost of goods sold rather than reporting less than the full amount of a payment received from a customer as gross receipts because it treated the excise tax as imposed on, and paid by, customers for income tax purposes. Admits that PDV filed refund claims on the basis that its excise tax expense, as reduced by the Mixture Credits, was included in cost of goods sold and was allegedly understated by the amount of Mixture Credits. Denies that PDV paid the IRS more in federal income taxes than it actually owed. To the extent paragraph 1 is Plaintiff's statement of its understanding and characterization of a provision of the Internal Revenue Code,[1] no response is required. To the extent a response is

---

[1] Unless otherwise noted, all statutory sections references are to the Internal Revenue Code of 1986, as amended, in effect for the periods at issue (IRC or the "Code").

required, the referenced statutory provisions speak for themselves. Denies any characterization of Mixture Credits as "satisfying" or "paying" any fuel excise tax expense or liability. Section 6246(a) allows credits against the taxes imposed under IRC §§ 4081 and 4041.[2] Section 6426(a)(1) and (b) allowed a credit against the tax imposed by IRC § 4081 on taxable fuel for each gallon of alcohol used by a blender to produce any alcohol fuel mixture for sale or use in the blender's trade or business. The Mixture Credits are part of the calculation of excise tax liability under § 4081, reducing it on a dollar-for-dollar basis. Mixture Credits are first allowed against the fuel excise tax liability. To the extent a claimant's Mixture Credit exceeds the fuel excise tax liability, only this excess amount may be taken as either a payment under IRC § 6427(e) or as a refundable income tax credit under IRC § 34(a)(3). Lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

**Complaint ¶ 2.** A similar tax dispute concerning the proper application of 26 U.S.C. §§ 6426 and 4081 is currently being litigated in the Houston Division of this district. *See SOPC Holdings West LLC, the Tax Matters Partner of Equilon Enterprises LLC v. United States*, Civil Action No. 4:18-cv-00374, U.S. District Court Southern District of Texas, Houston Division (Ellison, J.). Similar tax disputes are pending in other federal courts: (i) *GROWMARK, Inc. v. Commissioner*, U.S. Tax Court No. 023797-14; (ii) *Exxon Mobil Corp. v. United States*, Civil Action No. 3:16-cv-2921, U.S. District Court Northern District of Texas, Dallas Division; (iii) *ETC Sunoco Holdings LLC (formerly known as Sunoco, Inc.) v. United States*, Civil Action No. 3:20-cv-02981-C, U.S. District Court Northern District of Texas, Dallas Division; and (iv) *Delek US Holdings, Inc. v. United States*, Civil Action No. 3:19-cv-00332, U.S. District Court Middle District of Tennessee, Nashville Division. The U.S. Court of Appeals for the Federal Circuit

---

[2] Section 4041 generally imposes a backup excise tax on certain fuels. This case involves only IRC § 4081 excise tax.

addressed a similar tax dispute in *Sunoco, Inc. v. United States*, 908 F.3d 710 (Fed. Cir. 2018), *aff'g* 129 Fed. Cl. 322 (2016). A petition for certiorari in *Sunoco* was denied in 2019. 140 S.Ct. 46. The U.S. District Court in *Exxon Mobil* issued an Order on August 8, 2018, agreeing with the U.S. Court of Federal Claims' reasoning in its 2016 opinion in *Sunoco*; however, the U.S. Court of Appeals for the Federal Circuit subsequently affirmed the U.S. Court of Federal Claims on other grounds.

**RESPONSE**: To the extent paragraph 2 is Plaintiff's statement of its understanding and characterization of case law or the status of various suits, no response is required. To the extent a response is required, the referenced judicial decisions and dockets speak for themselves.

**Complaint ¶ 3.**   PDV is a Delaware corporation that is headquartered and has its principal place of business at 1293 Eldridge Parkway, Houston, Texas 77077-1670.

**RESPONSE**: Admits.

**Complaint ¶ 4.**   Defendant is the United States of America. Service of process may be made on Defendant by certified mail, return receipt requested, to the following:

   a. William Barr
      Attorney General for the United States
      U.S. Department of Justice
      950 Pennsylvania Ave., N.W.
      Washington, DC 20530-0001

   b. Civil Process Clerk
      United States Attorney's Office
      1000 Louisiana Street, Suite 2300
      Houston, TX 77002
      USATXS.CivilNotice@usdoj.gov

   c. Charles P. Rettig
      Commissioner
      Internal Revenue Service
      1111Constitution Avenue, NW
      Washington, DC 20224

4

**RESPONSE**: Jeffrey A. Rosen is the Acting Attorney General for the United States. To the extent paragraph 4 is Plaintiff's statement of its understanding and characterization of the law, no response is required.

**Complaint ¶ 5.** This Court has jurisdiction over this dispute under 28 U.S.C. § 1346(a)(1) because this is an action against the United States for the recovery of internal revenue taxes erroneously assessed and collected from PDV.

**RESPONSE**: Denies that this Court has jurisdiction over PDV's 2006 refund claim because any claim or suit for 2006 is barred by IRC § 6512(a). Denies that any taxes were erroneously assessed and collected from PDV. Admits the remaining allegations in paragraph 5.

**Complaint ¶ 6.** PDV timely filed consolidated federal corporate income tax returns for the years at issue.

**RESPONSE**: Admits.

**Complaint ¶ 7.** On December 30, 2013, PDV timely filed Form 1120X, Amended U.S. Corporation Income Tax Return, for 2005 decreasing its taxable income and claiming a refund of federal income tax of $36,226,688 plus statutory interest.

**RESPONSE**: Admits that such a refund claim was filed but denies that PDV is entitled to any relief with respect to its 2005 refund claim.

**Complaint ¶ 8.** On December 30, 2013, PDV timely filed Form 1120X for 2006 decreasing its taxable income and claiming a refund of federal income tax of $51,417,177 plus statutory interest. PDV is entitled to an additional decrease in its taxable income and an increase in its refund for a net operating loss carryback from 2009, as described in paragraph 11, below.

**RESPONSE**: Admits the first sentence of paragraph 8. Denies that PDV is entitled to any relief with respect to its 2006 refund claim.

5

**Complaint ¶ 9.**      On December 30, 2013, PDV timely filed Form 1120X for 2007 decreasing its taxable income and claiming a refund of federal income tax of $41,197,773 plus statutory interest.

**RESPONSE**: Admits that such a refund claim was filed but denies that PDV is entitled to any relief with respect to its 2007 refund claim.

**Complaint ¶ 10.**      On January 31, 2014, PDV timely filed Form 1120X for 2008 decreasing its taxable income and claiming a refund of federal income tax of $115,491,634 plus statutory interest.

**RESPONSE**: Admits that such a refund claim was filed but denies that PDV is entitled to any relief with respect to its 2008 refund claim.

**Complaint ¶ 11.**      On January 31, 2014, PDV timely filed Form 1120X for 2009 reducing its taxable income and increasing its net operating loss carryback by $170,170,668. The carryback goes to PDV's taxable year 2006.

**RESPONSE**: Admits that such a refund claim was filed but denies that PDV is entitled to any relief with respect to its 2009 claim.

**Complaint ¶ 12.**      On January 31, 2014, PDV timely filed Form 1120X for 2010 reducing its taxable income and increasing its net operating loss carryback by $190,775,455. The carryback goes to PDV's taxable year 2008.

**RESPONSE**: Admits that such a refund claim was filed but denies that PDV is entitled to any relief with respect to its 2010 claim.

**Complaint ¶ 13.**      On January 31, 2014, PDV timely filed Form 1120X for 2011 decreasing its taxable income and claiming a refund of federal income tax of $36,286,077 plus statutory interest.

**RESPONSE**: Admits that such a refund claim was filed but denies that PDV is entitled to any relief with respect to its 2011 refund claim.

**Complaint ¶ 14.** PDV's Forms 1120X were reviewed by the IRS, and in the course of the review, PDV increased its claim for 2005 to $36,350,564, reduced its claim for 2006 to $51,325,341, and reduced its claim for 2007 to $39,348,117.

**RESPONSE**: Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Denies that PDV is entitled to the relief it seeks.

**Complaint ¶ 15.** None of PDV's Form 1120X claims for refund have been allowed or paid by the IRS for any of the years at issue. The IRS disallowed such claims for refund by notice of disallowance dated October 24, 2017.

**RESPONSE**: Admits.

**Complaint ¶ 16.** PDV and the IRS executed Form 907, Agreement to Extend the Time to Bring Suit, agreeing that PDV could bring suit to recover the taxes described in paragraphs 7-13, adjusted as described in paragraph 14, above, on or before October 31, 2020. The Form 907 was executed by PDV on September 3, 2019, and by the IRS on September 16, 2019.

**RESPONSE**: Admits.

**Complaint ¶ 17.** The Court therefore has jurisdiction because PDV: (i) made full payment of the taxes assessed, as required by 28 U.S.C. § 1346(a)(1) and *Flora v. United States*, 362 U.S. 145 (1960); (ii) timely filed its Form 1120X claims for refund, as required by 26 U.S.C. § 6511(a) and 26 U.S.C. § 7422(a); and (iii) filed this complaint within the time period prescribed in 26 U.S.C. § 6532(a) as extended by the parties.

**RESPONSE**: Denies that this Court has jurisdiction over PDV's 2006 refund claim because any suit for 2006 is barred by IRC § 6512(a). Admits the remaining allegations in paragraph 17.

**Complaint ¶ 18.**     Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. § 1402 because PDV's principal place of business is located in this district.

**RESPONSE**: Admits.

**Complaint ¶ 19.**     PDV is the common parent of an affiliated group of corporations as defined in 26 U.S.C. § 1504, for which PDV files a consolidated federal income tax return. Thus, for federal income tax purposes, PDV takes into account the income, gains, deductions, losses, and credits of the members of its consolidated group on its consolidated return.

**RESPONSE**: Admits.

**Complaint ¶ 20.**     CITGO Petroleum Corporation ("CITGO"), a Delaware corporation, is a subsidiary of PDV and is included in PDV's consolidated federal income tax return. CITGO owns and operates crude oil refineries in the United States and is a refiner, position holder and terminal operator as defined in 26 C.F.R. § 48.4081-1(b).

**RESPONSE**: Admits.

**Complaint ¶ 21.**     As part of its manufacturing and refining processes, CITGO produces an E10 blend (a blend of ethanol and gasoline) which it sells at the refinery/terminal rack. This activity qualified CITGO for the alcohol mixture credit for the years at issue.

**RESPONSE**: Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**Complaint ¶ 22.**     26 U.S.C. § 4081 imposes a per-gallon federal excise tax on taxable fuel (the "Section 4081 excise tax"). During the years at issue, the tax (including a $0.001 per gallon tax for the Leaking Underground Storage Tank Trust) was $.184 per gallon of gasoline, $0.194 per gallon of aviation gasoline, and $0.244 per gallon of diesel fuel and kerosene. Pursuant to 26 U.S.C. § 9503(b)(1)(D), the Section 4081 excise tax is paid into the Highway Trust Fund, a

8

special Government fund separate from the United States Treasury's General Fund that is dedicated to the construction and maintenance of the Nation's interstate highway system, mass transit, and other surface transportation projects. The Section 4081 excise tax is imposed immediately upon a taxable event (such as the sale of taxable fuel or removal of taxable fuel from a refinery or terminal). Taxpayers who incur federal excise taxes must file Form 720, Quarterly Federal Excise Tax Return, and pay any excise tax not yet paid or otherwise satisfied.

**RESPONSE**: To the extent paragraph 22 is Plaintiff's statement of its understanding and characterization of any provision of the Code, no response is required. To the extent a response is required, the referenced statutory provisions speak for themselves.

Section 4081 of the Code imposes an excise tax on certain removals, entries, or sales of taxable fuel (gasoline, diesel fuel, and kerosene). Section 4081(a) imposes tax on certain sales, removals, and entries of taxable fuel, including gasoline. Section 4083(a)(2)(A) defines gasoline to include any gasoline blend, including alcohol blends. The position holder is liable for the tax for terminal rack removals and the refiner is liable for refinery rack removals. The fuel excise tax liability imposed under IRC § 4081 is reported on Form 720 and is based on a calendar quarter. IRC § 6011; Treas. Reg. § 40.6011(a)-1(a). The quarterly return must be filed by the last day of the first calendar month following the quarter for which it was made. IRC § 6071; Treas. Reg § 40.6071(a)-1(a).

Denies any characterization of Mixture Credits as "satisfying" or "paying" any fuel excise tax expense or liability. For the taxable years at issue, IRC § 6426(a) allowed a credit against the taxes imposed under IRC §§ 4081 and 4041. Section 6426(a)(1) and (b) allowed a credit against the tax imposed by IRC § 4081 on taxable fuel for each gallon of alcohol used by a blender to produce any alcohol fuel mixture for sale or use in the blender's trade or business;

9

under IRC § 6426(b)(4)(A) the definition of "alcohol" includes ethanol. The Mixture Credits claimed during each calendar quarter are part of the calculation of the taxpayer's fuel excise tax liability and, as such, reduce the amount of excise tax under IRC § 4081. Fuel excise tax liability is computed at the end of the taxable period (a calendar quarter), on the basis of the aggregate transactions occurring during that quarter.

**Complaint ¶ 23.** 26 U.S.C. § 6426(b), as in effect for the years at issue, allowed taxpayers to earn an alcohol fuel mixture credit by producing alcohol fuel mixtures. The rate of the credit for the taxable years 2005 through 2008 was $0.51 per gallon of alcohol used in the mixtures, and for the taxable years 2009 through 2011 was $0.45 per gallon. The credit was repealed effective for periods after December 31, 2011.

**RESPONSE**: To the extent paragraph 23 is Plaintiff's statement of its understanding and characterization of a provision of the Code, no response is required. To the extent a response is required, the referenced statutory provisions speak for themselves.

**Complaint ¶ 24.** Producers that earned alcohol fuel credits could use them in three ways. Pursuant to 26 U.S.C. § 6426(a), they could take them as credits against the tax imposed for certain motor fuel excise taxes imposed under 26 U.S.C. § 4081. Pursuant to 26 U.S.C. § 34(a)(3), they could take them as credits against their federal income tax liability. Pursuant to 26 U.S.C. § 6427(e), they could claim a refund for any credits not taken against their excise tax or income tax liability.

**RESPONSE**: To the extent paragraph 24 is Plaintiff's statement of its understanding and characterization of a provision of the Code, no response is required. To the extent a response is required, the referenced statutory provisions speak for themselves. For fuel mixtures containing alcohol, an eligible claimant can choose to claim either an income tax credit under IRC § 40 or

an excise tax credit under IRC § 6426(b). If the claimant chooses to make an excise claim, Mixture Credits are first allowed against the fuel excise tax liability. To the extent a claimant's Mixture Credit exceeds the fuel excise tax liability, only this excess amount may be taken as either a payment under IRC § 6427(e) or as a refundable income tax credit under IRC § 34(a)(3); this is not relevant here because CITGO's quarterly excise tax liabilities under IRC § 4081 (without taking into account the credit) exceeded the IRC § 6426(b) credit in all 28 quarters at issue.

**Complaint ¶ 25.** For the years at issue, CITGO incurred federal excise tax liability with respect to its sales of its alcohol fuel mixtures and other taxable fuels. CITGO claimed an alcohol fuel mixture credit against its liability for motor fuel excise tax as permitted by 26 U.S.C. § 6426(b) by reducing the amounts of the periodic cash deposits that were required to be made. CITGO reported both its federal excise tax liability and its alcohol fuel mixture credit on Form 720.

**RESPONSE**: To the extent paragraph 25 is Plaintiff's statement of its understanding and characterization of a provision of the Code, no response is required. To the extent a response is required, the referenced statutory provisions speak for themselves. Admits that CITGO incurred federal excise tax under IRC § 4081 and claimed on its Forms 720 for the relevant periods liability-reducing Mixture Credits, resulting in a lower excise tax liability for the years at issue.

**Complaint ¶ 26.** Purchasers of the alcohol fuel mixtures paid CITGO the full amount of the federal excise tax on each gallon of mixture. When a purchaser used the fuel in an exempt manner, the purchaser upon application with the IRS received a refund of the full amount of the federal excise tax on each gallon of mixture unreduced by the alcohol fuel mixture credit provided to CITGO by the IRS.

11

**RESPONSE**: Lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 26. To the extent paragraph 26 reflects Plaintiff's understanding and characterization of a provision of the Code, no response is required. To the extent a response is required, the referenced statutory provisions speak for themselves and all factual allegations are denied. To clarify, for the removal or sale of taxable fuel, the fuel excise tax liability under IRC § 4081 is imposed on the position holder or refiner; if the taxable fuel is a gasoline blend, the position holder or refiner may also be the blender who can make a claim for the Mixture Credit. Mixture Credits are available only to the blenders who are liable for the excise tax (here, CITGO), and not the purchasers. No matter how CITGO accounted for its excise tax expenses on its own books for federal income tax purposes, CITGO is the only party who is actually liable for the excise tax and can claim the Mixture Credit.

**Complaint ¶ 27.** CITGO: (i) incurred federal excise tax liabilities; (ii) was eligible for, and claimed, the alcohol fuel mixture credit under 26 U.S.C. §§ 6426(a) and (b); and (iii) claimed refunds for the years at issue, in the following amounts (rounded to the nearest million):

| Taxable Year | Total Federal Excise Tax | Alcohol Fuel Mixture Credit | Federal Income Tax Refund Claim |
|---|---|---|---|
| 2005 | $2,242,000,000 | $104,000,000 | $36,000,000 |
| 2006 | $2,162,000,000 | $147,000,000 | $51,000,000 |
| 2007 | $1,516,000,000 | $118,000,000 | $39,000,000 |
| 2008 | $1,293,000,000 | $148,000,000 | $115,000,000 |
| 2009 | $1,184,000,000 | $170,000,000 | * |
| 2010 | $1,079,000,000 | $191,000,000 | ** |
| 2011 | $1,035,000,000 | $193,000,000 | $36,000,000 |

* Additional net operating loss carryback for 2006 refund claim.
** Additional net operating loss carryback for 2008 refund claim.

**RESPONSE**: Admits that CITGO's federal excise tax and alcohol fuel mixture credit amounts for the years at issue as reported on its Forms 720 are accurately set forth in paragraph 27, and

that the Mixture Credits CITGO claimed were allowed against the fuel excise tax liability for those years. Admits that PDV claimed refunds for the years at issue on IRS Forms 1120X. Denies that PDV is entitled to the relief it seeks.

**Complaint ¶ 28.** The amount of PDV's total income tax refund claim is less than 3 percent of the approximately $10.5 billion in federal excise tax liability for the years at issue.

**RESPONSE**: Lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in paragraph 28.

**Complaint ¶ 29.** For federal income tax purposes, taxable income is gross income less allowable deductions. 26 U.S.C. § 63(a). Gross income includes proceeds from the sale of products less the direct costs attributable to the production of those products, known as "cost of goods sold." 26 U.S.C. § 61(a)(3); 26 C.F.R. § 1.61-3(a). In the case of a seller of petroleum products, the Section 4081 excise tax forms a component of the taxpayer's cost of goods sold.

**RESPONSE**: To the extent paragraph 29 is Plaintiff's statement of its understanding and characterization of a provision of the Code, no response is required. To the extent a response is required, the referenced statutory provisions speak for themselves. To be clear, gross income includes proceeds from the sale of products less the direct costs *and properly allocable indirect costs* attributable to the produce of those products, known as "cost of goods sold" (emphasis added). Lacks knowledge or information sufficient to form a belief as to whether PDV or CITGO accounted for its IRC § 4081 excise tax expense as part of its cost of goods sold. To be clear, if a taxpayer chose to account for IRC §§ 4081 and 4041 excise tax expense as part of the taxpayer's cost of goods sold, the taxpayer would not be entitled to increase its cost of goods sold by fuel excise tax amounts it did not pay or incur.

**Complaint ¶ 30.** On its originally-filed consolidated federal corporate income tax returns for the years at issue, PDV reduced cost of goods sold by the amount of the alcohol fuel mixture credit PDV earned in each year, which caused a corresponding overstatement of gross income. In its claims for refund on Forms 1120X, PDV reversed this reduction in cost of goods sold in the amounts for alcohol fuel mixture credits listed in paragraph 27, above, resulting in a decrease in gross income for each year and either an overpayment of tax or an increase in net operating loss deduction for each year.

**RESPONSE**: Lacks knowledge or information sufficient to form a belief as to the truth of whether PDV, on its originally filed corporate federal consolidated income tax returns, reduced its cost of goods sold by the Mixture Credits it claimed for the years at issue. More specifically, lacks knowledge or information sufficient to form a belief as to whether PDV reported the full amount of a payment received from a customer as gross receipts and included excise tax expense in the calculation of cost of goods sold rather than reporting less than the full amount of a payment received from a customer as gross receipts because it treated the excise tax as imposed on, and paid by, customers for income tax purposes. Admits that PDV filed refund claims on the basis that its excise tax expense, as reduced by the Mixture Credits, was included in cost of goods sold and was allegedly understated by the amount of Mixture Credits.

**Complaint ¶ 31.** For 2005, the reversal of the reduction in cost of goods sold resulted in a reduction in PDV's total tax liability of $36,350,564 (as adjusted after review by the IRS).

**RESPONSE**: Admits that PDV seeks a 2005 refund in this amount but denies it is entitled to such relief.

**Complaint ¶ 32.** For 2006, the reversal of the reduction in cost of goods sold resulted in a reduction in PDV's total tax liability of $51,325,341 (as adjusted after review by the IRS). As noted above, the net operating loss carryback from 2009 further reduces PDV's total tax liability.

**RESPONSE**: Admits that PDV seeks a 2006 refund in this amount but denies it is entitled to such relief.

**Complaint ¶ 33.** For 2007, the reversal of the reduction in cost of goods sold resulted in a reduction in PDV's total tax liability of $39,348,117 (as adjusted after review by the IRS).

**RESPONSE**: Admits that PDV seeks a 2007 refund in this amount but denies it is entitled to such relief.

**Complaint ¶ 34.** For 2008, the reversal of the reduction in cost of goods sold and the additional net operating loss carryback from reductions in cost of goods sold in subsequent years resulted in a reduction in PDV's total tax liability of $115,491,634.

**RESPONSE**: Admits that PDV seeks a 2008 refund in this amount but denies it is entitled to such relief.

**Complaint ¶ 35.** For 2009, the reversal of the reduction in cost of goods sold did not result in any change in tax, but increased the amount of net operating loss carryback by $170,170,668.

**RESPONSE**: Admits that PDV seeks a 2009 net operating loss carryback in this amount but denies it is entitled to such relief.

**Complaint ¶ 36.** For 2010, the reversal of the reduction in cost of goods sold did not result in any change in tax, but increased the amount of net operating loss carryback by $190,775,455.

**RESPONSE**: Admits that PDV seeks a 2010 net operating loss carryback in this amount but denies it is entitled to such relief.

**Complaint ¶ 37.** For 2011, the reversal of the reduction in cost of goods sold resulted in a reduction in PDV's total tax liability of $36,286,077.

**RESPONSE**: Admits that PDV seeks a 2011 refund in this amount but denies it is entitled to such relief.

## CLAIMS FOR RELIEF

**Complaint ¶ 38.** PDV incorporates by reference the allegations contained in the above paragraphs.

**RESPONSE**: The United States incorporates its responses to the allegations contained in the above paragraphs.

**Complaint ¶ 39.** The IRS erroneously disallowed PDV's claims for a refund of income tax paid and increased net operating losses for the years at issue.

**RESPONSE**: Denies.

**Complaint ¶ 40.** PDV seeks recovery for the overpayments of federal income taxes for the years at issue that were erroneously assessed and collected by the IRS, including any carrybacks that may be applied to the years at issue.

**RESPONSE**: Admits that PDV seeks recovery for alleged overpayments of federal income taxes for the years at issue. Denies that taxes were erroneously assessed or collected by the IRS and denies that PDV is entitled to the relief it seeks.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims regarding years 2005, 2006, and 2007 are barred by the doctrine of estoppel. *See Smith v. United States*, 328 F.3d.760, 766-67 (5th Cir. 2003) (*citing Daugette v. Patterson*, 250 F.2d 753, 755-57 (5th Cir.1957)).

2.	Plaintiff's claims regarding years 2005, 2006, and 2007 are barred by the doctrine of contractual quasi-estoppel. *See Smith v. United States*, 328 F.3d.760, 766-67 (5th Cir. 2003) (*citing Daugette v. Patterson*, 250 F.2d 753, 755-57 (5th Cir.1957)).

Dated: January 11, 2021

        RYAN K. PATRICK
        United States Attorney

        /s/ Kari M. Larson
        KARI M. LARSON
        Senior Litigation Counsel
        Attorney-in-Charge
        DC Bar No. 466743
        Tax Division
        U.S. Department of Justice
        P.O. Box 683
        Ben Franklin Station
        Washington, DC 22044
        (202) 532-3728
        Kari.M.Larson@usdoj.gov

        CURTIS C. SMITH
        Fed. Id. No. 1092406
        State Bar No. AZ 026374
        Tax Division
        U.S. Department of Justice
        717 N. Harwood, Suite 400
        Dallas, Texas 75201
        (214) 880-9734
        (214) 880-9741 (fax)
        Curtis.C.Smith@usdoj.gov

        ATTORNEYS FOR UNITED STATES