UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PDV HOLDING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:20-cv-03621 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S AGREED MOTION TO STAY PROCEEDINGS**

Plaintiff, PDV Holding, Inc. ("PDV Holding"), respectfully moves to stay all proceedings in this case, including all pre-trial and dispositive motion deadlines, pending the final determinations of *SOPC Holdings West LLC, the Tax Matters Partner of Equilon Enterprises LLC v. United States,* Civil Action No. 4:18-cv-00374, U.S. District Court Southern District of Texas, Houston Division, and *Exxon Mobil Corp. v. United States*, Civil Action No. 3:16-cv-2921, U.S. District Court Northern District of Texas, Dallas Division.

1. This case should be stayed, because a final determination of *SOPC* and *Exxon*, while not binding on the parties here, will be determinative to PDV Holding as to how or whether it intends to proceed with this litigation. Both *SOPC* and *Exxon* involve substantially similar issues as in this case with respect to the proper application of I.R.C. §§ 4081 and 6426.

2. With respect to *SOPC*, that case is currently stayed. The parties in *SOPC* are scheduled to discuss the status of their case with the Court in March 2021. *SOPC* has been stayed pending resolution of Exxon and on information and belief, SOPC will request that the stay remain in place, and DOJ will not oppose that request.

3. With respect to *Exxon*, the U.S. District Court for the Northern District of Texas

NAI-1515904634v3

denied Exxon's motion for partial summary judgment and granted the United States' cross-motion for partial summary judgment with respect to the proper application of I.R.C. §§ 4081 and 6426 on August 8, 2018. There are two other unrelated issues in Exxon's case. On January 13, 2021, the district court resolved the last remaining issue and ordered the parties to confer whether any additional proceedings in that court are needed. The parties have 28 days from January 13, 2021 to advise the district court of whether the need for any further proceedings or, if the parties agree no further proceedings are needed, to confer regarding a form of judgment. If the parties are unable to agree as to form, then each party is directed to submit its proposed form of judgment, together with a brief discussion of the differences, within 28 days after January 13, 2021. Should the *Exxon* case be presented to the Fifth Circuit, a decision by the Court of Appeals on the issue in dispute here should be determinative with respect to the issue of whether PDV Holding can reduce its cost of goods sold by the amount of alcohol fuel mixtures credits it received. If *Exxon* prevails in the Fifth Circuit, the court and the parties will need to address whether the court had jurisdiction over Plaintiff's tax year 2006 and the United States' affirmative defenses that Plaintiff's claims regarding tax years 2005, 2006, and 2007 are barred by the doctrine of estoppel and the doctrine of contractual quasi-estoppel.

4. "In determining whether a stay is appropriate pending the resolution of another case, a district court must consider various competing interests including: (1) the potential prejudice to plaintiffs from a brief stay; (2) the hardship to defendants if the stay is denied; and (3) the judicial efficiency . . . which could be expected to result from a stay." *Coker v. Select Energy Servs., LLC* 161 F. Supp. 3d 492, 495 (S.D. TX 2015) (citations omitted).

5. The issuance of a stay in this case will not prejudice either party. Defendant, United States of America, agrees with this motion and will not suffer any undue prejudice from a stay in

these proceedings.

6. Further, because the issues in *SOPC* and *Exxon* are substantially similar to the issues in this case, issuing the stay "will avoid expending unnecessary judicial resources." *Id*. *See also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket with economy of time and effort for itself, for counsel, and for litigants.").

7. Pursuant to Local Rule 7.2, on January 14, 2021, counsel for PDV Holding consulted counsel for Defendant regarding this motion, and, as noted, Defendant agrees with this motion.

WHEREFORE, PDV Holding respectfully requests that this Court grant its motion to stay this case and order the parties to report back to this Court within fourteen days of final determinations in *SOPC* or *Exxon*, whichever case is concluded earliest, to advise the Court how the parties would recommend proceeding.

Dated:  January 15, 2021                                JONES DAY

                                                        */s/ James A. Reeder, Jr.*
                                                        James A. Reeder, Jr.
                                                        Attorney-in-Charge
                                                        SDTX Ad ID No. 012381
                                                        TX Bar No. 16695010
                                                        Email:  jareeder@jonesday.com
                                                        Elizabeth Scofield
                                                        SDTX Ad ID No. 2227083
                                                        TX Bar No. 24079555
                                                        Email:  escofield@jonesday.com
                                                        717 Texas, Suite 3300
                                                        Houston, TX 77002
                                                        Telephone:  832-239-3939
                                                        Facsimile:  832-239-3600

        George Benson
        (*admitted pro hac vice*)
        Email: gbenson@mwe.com
        Andrew Roberson
        (*admitted pro hac vice*)
        Email: aroberson@mwe.com
        MCDERMOTT WILL & EMERY LLP
        444 West Lake Street, Suite 4000
        Chicago, IL 60606-0029
        Telephone:  312-372-2000
        Facsimile:  312-984-7700

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for the Defendant, United States of America, and that this motion is agreed.

        */s/ James A. Reeder, Jr.*
        James A. Reeder, Jr.

## CERTIFICATE OF SERVICE

This is to certify that on the 15th day of January, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing and transmittal of Notice of Electronic Filing to the ECF registrants.

        */s/ James A. Reeder, Jr.*
        James A. Reeder, Jr.